RECEIVED
IN ALEXANDRIA, LA.
JAN 11 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD E. CARLOCK | DOCKET NO. 09-CV-1573; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| RAPIDES PARISH SHERIFF'S DEPARTMENT, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Plaintiff Clifford E. Carlock, filed in forma pauperis on September 3, 2009. Carlock is currently incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. However, he claims that he was subjected to excessive force in violation of his constitutional rights while he was housed at Rapides Parish DC#3. He names as defendants Sheriff Chuck Wagner, the Rapides Parish Sheriff's Office, Captain Dice, Deputy Jones, and Deputy Cutts. Plaintiff seeks one million dollars in damages and asks that criminal charges be brought against the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### STATEMENT OF THE CASE

Carlock alleges that on July 14, 2009, someone in J Dorm stole his property. Plaintiff states that he complained to the officer, who said he did not care. Then officers Cutts and Jones proceeded

to beat Plaintiff in the head and neck and kick him in the groin area. When he was on the ground, Cutts slammed Plaintiff's head against the wall, "busting [his] head open." Plaintiff was transported to Huey P. Long hospital for treatment. Plaintiff complains that Warden Dice failed to respond to his grievance.

## LAW AND ANALYSIS

### I. Supervisory Defendant

Sheriff Wagner appears to have been named in his supervisory capacity. Supervisory officials may be held liable only if they: (i) affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). Plaintiff has not presented any allegations against the sheriff of either personal involvement or unconstitutional policies. The sheriff should be dismissed.

### II. Administrative Remedy

Plaintiff complains that the warden failed to answer the

2

inmate grievance that Plaintiff filed the day after the incident. Inmates do not have a federally-protected right to have grievances investigated and resolved. Sandin v. Conner, 515 U.S. 472 (1995). Any right of that nature is grounded in state law or regulation, and the mere failure of an official to follow state law or regulation, without more, does not violate *constitutional* minima. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); Taylor v. Cockrell, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004)(not designated for publication)(holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"). Thus, Plaintiff's allegation that the warden violated the grievance procedure does not amount to a constitutional claim.

### III. Injunctive Relief

Plaintiff asks that criminal charges be brought against the officers who assaulted him. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys.

See La. C.Cr.P. arts. 61 and 62. Therefore, Plaintiff's request for injunctive relief should be dismissed.

## IV. Excessive Force

Plaintiff complains that Cutts and Jones intentionally and physically attacked him to the point of requiring medical treatment at a hospital. Service of process will be ordered on those two defendants in a separate order of the Court.

## V. Sheriff's Office

Plaintiff names as a defendant the Rapides Parish Sheriff's Department. In Louisiana, however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. See Cozzo v. Tangipahoa Parish Council-President, 279 F.3d 273, 283 (5th Cir. 2002). Thus, Sheriff's Office should be dismissed as a defendant.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against **ONLY Sheriff Wagner, the Rapides Sheriff Office, and Captain Dice** be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B). Service of process of the ***Eighth Amendment claims against Officers Cutts and Jones will be ordered forthwith***.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and**

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE