

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD E. CARLOCK | DOCKET NO. 09-CV-1573; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| RAPIDES PARISH SHERIFF'S DEPARTMENT, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Plaintiff filed the instant pro se civil rights complaint (42 U.S.C. § 1983), in forma pauperis, on September 3, 2009. Some of his claims were dismissed with prejudice [Doc. #10], while service of process was ordered on two defendants [Doc. #6]. Plaintiff returned completed summons, but the summonses were returned unexecuted by the U.S. Marshals. The marshals were unable to identify or locate a "Deputy Jones", and "Deputy Cutts" was no longer employed by the Rapides Parish Sheriff Department, and they had no forwarding address on file. [Doc. #8, 9] Plaintiff was notified in writing of the inability to effectuate service on February 9, 2010. [Doc. #8, 9]. Petitioner has filed no further pleadings and has had no communication with the Court since that date. The Court contacted the Louisiana Department of Public Safety and Corrections and learned that Plaintiff is no longer incarcerated. Plaintiff has failed to inform the Court of his new mailing address.

### *Law and Analysis*

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

Plaintiff has failed to prosecute this action and failed to provide the Court with a current address.

### *CONCLUSION*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

*OBJECTIONS*

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this __13th__ day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3